UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | CRIMINAL NO. 08-92-P-H |
| ) | |
| CHARLES SMALL, ) | |
| ) | |
| DEFENDANT ) | |

## DECISION AND ORDER ON MOTION FOR WITHDRAWAL OF PLEA

The defendant Charles Small has moved to withdraw his guilty plea and requests an evidentiary hearing. Mot. for Withdrawal of Plea (Docket Item 133). His grounds are that (1) "he felt pressured to enter a plea and did so involuntarily," (2) "he has a viable defense to the Indictment," and (3) "there is also insufficient evidence to support the finding of Guilt." Id. at 1. The government objects to the motion. Gov't's Objection to Def.'s Mot. to Withdraw Guilty Plea (Docket Item 137). The motion and the request for evidentiary hearing are both **DENIED**.

A guilty plea accepted as the result of a properly conducted Rule 11 colloquy leaves a defendant with a very limited basis upon which to withdraw the plea later. A defendant may, however, withdraw a guilty plea before sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The First Circuit directs me to consider five factors: (1) whether the defendant pleaded guilty voluntarily, knowingly and intelligently and whether the court adequately observed the

formalities imposed by Rule 11; (2) whether the defendant has asserted a serious claim of innocence; (3) the force of the reasons offered by the defendant; (4) the timing of the motion; and (5) any countervailing prejudice to the government if the defendant is permitted to withdraw his plea. United States v. Padilla-Galarza, 351 F.3d 594, 597 (1st Cir. 2003).

As to the first factor, the defendant's motion does not allege any specific defects in the Rule 11 hearing, but asserts that he felt pressured to enter a plea. There is nothing in the record to support such a contention. The defendant had an evidentiary hearing before a Magistrate Judge on his motion to suppress, and then oral argument before me on his objections to the Recommended Decision. Thereafter, a jury trial date was set, a jury was empanelled, and trial briefs and proposed jury instructions were filed. The government filed a motion in limine concerning a particular defense and witness, and I planned to rule on that motion during the course of the trial. But the parties both requested that I hear the proposed testimony on the first day of trial outside the jury's presence before opening statements occurred. I did so, and then ruled against the defendant on the government's motions in limine.

After a recess, the defendant and the government agreed to a conditional guilty plea, conditioned upon the defendant's right to appeal my adverse rulings on both the motion to suppress and the motion in limine. I therefore proceeded with a Rule 11 colloquy while the jury waited in the jury room. The defendant acknowledged to me at the Rule 11 hearing that nobody coerced him to plead guilty. The defendant acknowledged to me his frustration: "It's just I

2

got no defense now; my witnesses were all canceled out." Tr. at 8.  To that, I responded:

> Well, I understand, but I have to go through asking you these questions to make sure you understand the choices that you're making, Mr. Small.  But I do understand that, and let's just put on the record, as I understand from what the clerk's told me, the conditional plea agreement is going to permit you to appeal my rulings both on the motion to suppress and on the exclusion of the witnesses that you wanted to call.  That's going to be part of the conditional plea . . . . So you are going to be able to take those issues up on appeal.

Id.  Thus, the defendant was not pressured to enter the plea.  Instead, he made a rational choice (thereby presumably gaining acceptance of responsibility in sentencing) in light of the adverse ruling.

As for the other formalities of Rule 11, the record demonstrates that the defendant agreed that he had read the Indictment, that he had an adequate opportunity to review it with his lawyer, and that his lawyer had explained the elements and the nature of the offense to him.  I fully explained to the defendant his rights regarding a trial and the possible penalties he faced.  The defendant acknowledged that he understood the charge and its associated penalties and that he was pleading guilty because he was actually guilty.  Thereafter, the defendant conceded that there was a factual basis for the plea and adopted the government's version of the facts as spelled out orally by the prosecutor.[1]  In sum, the record clearly supports my conclusion at the end of the plea hearing—that the defendant's plea was knowing, voluntary, and intelligent.  Tr. at 18-19.  See United States v. Marrero-Rivera, 124 F.3d 342,

---

[1] There is no indication that the defendant was intimidated or afraid to speak up when he did not understand something that was said during the Rule 11 hearing.

348 n.7 (1st Cir. 1997) (the First Circuit has "identified three 'core' Rule 11 concerns: (1) voluntariness- i.e., absence of coercion; (2) understanding of the charge; and (3) knowledge of the consequences of the guilty plea").

On the second factor, the defendant's motion does not supply the necessary basis for a serious claim of innocence. A general denial of guilt is not enough; the defendant "must affirmatively advance an objectively reasonable argument that he is innocent." United States v. Cray, 47 F.3d 1203, 1209 (D.C. Cir. 1995); United States v. Ramos, 810 F.2d 308, 312 (1st Cir. 1987) ("[I]f defendant's factual contentions create no legally cognizable defense to the charges, he has not effectively denied his culpability, and the motion can be denied.")(internal quotations omitted). The charge here is simple: that the defendant was a felon in possession of firearms. There is no suggestion that he is not a felon or that the items in question are not firearms in or affecting commerce. The only issue is possession. All the defendant asserts is that the government cannot prove the elements of constructive possession. Mot. to Withdraw Guilty Plea at 1. But his statements at the Rule 11 hearing—where the defendant: (1) acknowledged that his lawyer explained all the elements of the offense charged; (2) admitted that he was guilty of the charged offense; and (3) accepted the government's stated version of the facts— belie a viable claim of actual innocence. Based on the government's proffered version of the facts I found there was sufficient evidence to establish the element of constructive possession.[2]

---

[2] During the plea colloquy, the Government asserted that if the matter proceeded to trial it
*(continued on next page)*

On the third factor, there is no force to the defendant's reasons for withdrawing the plea. They are limited to the assertions that he felt pressured

---

could prove the following:

> That on November 21, 2007, officers of the Maine Warden Service were "looking for the defendant, who they believed to be hunting. The wardens would testify that they located a blue and white 1990 Chevy pickup truck bearing Maine black bear registration plate 158ACJ, a vehicle registered to and known to be operated by the defendant, parked on the Sweetser Road outside a gate near a power line. The Government would offer as an exhibit at trial the certified copy of the registration of the vehicle to Mr. Small. [T]he wardens would testify that they looked in the vehicle, which was unoccupied, and observed hunting equipment and a handgun case on the floor of the vehicle. However, no firearms could be seen in the vehicle through the window. The wardens then concealed themselves approximately a thousand feet away across a field . . . awaiting [ ] the defendant to return to his vehicle and observing the area through binoculars.
> Approximately 30 minutes after they left the defendant's vehicle the wardens would testify that they observed two subjects dressed in hunter's orange clothing walking towards the defendant's vehicle at the location on Sweetser Road. The wardens then approached the vehicle and, as they approached it, two subjects began entering it. By the time they got to the vehicle in their vehicle the wardens would testify that they identified the individuals as the defendant and his then 10-year-old son. The son was standing on the right side, passenger's side, of the vehicle with the door open. The defendant was standing on the driver's side with the door open. Warden Judd would testify that he immediately noticed that there were now two long guns sitting in the truck which were not there before. A further search revealed that there was a third firearm and ammunition in the vehicle. The three firearms named in the indictment which you read previously during this hearing are the three firearms which the Government would offer as three exhibits during the trial.
> In particular, Your Honor, the Remington Arms Company, which would be Government's Exhibit 1, which is the 12-gauge shotgun that you listed in the indictment, was the one closest to Mr. Small, approximately arm's length away in the vehicle, and we would offer photographs which would show the distance of the firearm and where it was placed inside the truck. The evidence would indicate under these circumstances—the Government would offer evidence that Mr. Small was there alone with his son and that his son was not able to drive the vehicle. In addition, the Government would offer evidence that Mr. Small had one round of ammunition in his pocket and four spent shell casings of the same type of ammunition that was inside the 12-gauge shotgun which was closest to Mr. Small in the vehicle.

Tr. at 11-13. The defendant agreed that these were the facts and when I asked if he had any doubt about the facts, Mr. Small responded "No." Tr. at 14. This evidence clearly establishes the element of constructive possession.

and that he has a viable defense to constructive possession, both of which I have found wanting.

On the fourth factor, the timing of the motion, the First Circuit has stated that it "is highly probative of motive [and] close scrutiny of the chronology is important in adjudicating whether retraction is fair and just." United States v. Muriel, 111 F.3d 975, 980 (1st Cir. 1997) (citation omitted). "The rule of thumb is that the longer a defendant waits before moving to withdraw his plea, the more potency his motion must have in order to gain favorable consideration." United States v. Parrilla-Tirado, 22 F.3d 368, 371 (1st Cir. 1994). On the other hand, "'[a] swift change of heart' . . . strongly indicates that the plea was entered in 'haste and confusion.'" Ramos, 810 F.2d at 312 (quoting United States v. Barker, 514 F.2d 208, 222 (D.C. Cir. 1975)).

Here, the defendant's motion to withdraw was not filed until three months after he pled guilty. When he decided to plead guilty, a jury was waiting in the jury room to try him, his lawyer had filed a trial brief and proposed jury instructions, and all were ready to proceed. The decision to plead guilty therefore suggested a strong desire to avoid trial. Although the defendant claims (through his lawyer's assertion in the legal memorandum) that he told his lawyer he wanted to withdraw his plea within 24 hours, I note that the lawyer who represented him at that time withdrew as counsel almost two months after the plea and, although new counsel was promptly appointed, the motion to withdraw the plea was not filed for still another month. On this record, I do not find that this belated change of heart supports granting the

motion and instead suggests that the defendant is simply trying to delay resolution of the matter.

Finally, on the fifth factor, the government does not contend that it would suffer prejudice if I were to grant the motion, but that alone is not enough to grant the motion. See Fed. R. Crim. P. 32 advisory committee's note ("Given the great care with which pleas are taken under [the] revised Rule 11, there is no reason to view pleas so taken as merely 'tentative,' subject to withdrawal before sentence whenever the government cannot establish prejudice.") (cited with approval in United States v. Hyde, 520 U.S. 670 (1997)).

Considering all the relevant factors in this case, I **DENY** the defendant's request for an evidentiary hearing[3] and his Motion for Withdrawal of Guilty Plea.

**SO ORDERED.**

**DATED THIS 19TH DAY OF JUNE, 2009**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[3] A defendant is not entitled to an evidentiary hearing on his motion to withdraw when "the facts alleged are contradicted by the record or are inherently incredible and to the extent that they are merely conclusions rather than statements of fact." United States v. Pulido, 566 F.3d 52 (1st Cir. 2009). Here the defendant has not given me any basis upon which to hold a hearing.