# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 08-92-P-H |
| | ) | |
| CHARLES SMALL, | ) | |
| | ) | |
| DEFENDANT | ) | |

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

The defendant has asked me to reconsider my Order of June 19, 2009, denying his motion to withdraw his guilty plea.  I have considered carefully his new arguments and his new factual assertions.  The motion for reconsideration is **DENIED**.

The defendant's arguments in the motion for reconsideration are primarily two: first, that his family and lawyer pressured him into pleading guilty after my in limine ruling excluding two of his proposed witnesses (the pressure apparently motivated by the heavy sentence he would face if the jury found him guilty); second, that the next day he made clear to his lawyer (and to the probation officer later at the presentence report interview) that he had changed his mind about the guilty plea, even though no motion was filed until three months after the entry of his guilty plea.  Motion for Reconsideration of Denial of Defendant's Motion to Withdraw Plea (Docket Item 140).

The arguments and the factual assertions do not change the outcome. There still is no serious claim of innocence of the constructive possession

charge, a critical element.  The timing of the motion filing was never the primary reason for denying the motion to withdraw.  The importuning of the defendant's family and his lawyer seeking to persuade the defendant to plead guilty do not make the plea involuntary.  The decision to enter a plea of guilty is often fraught with emotions and conflicting risks.  Here, the defendant apparently confronted a serious risk of conviction and a heavy sentence; a plea of guilty could at least help reduce the sentence by the sentencing guidelines' provision for acceptance of responsibility.  The purpose of the detailed requirements of a Rule 11 guilty plea proceeding is to make sure that the defendant has carefully considered his decision in giving up his right to a trial.  My questioning of the defendant here was detailed and careful.  Although he chose at the time to heed his family and his lawyer and plead guilty and later regretted his decision, I am satisfied that his decision to plead guilty was informed, intelligent and voluntary.  His later misgivings and change-of-heart do not alter the voluntariness of his initial choice.

SO ORDERED.

DATED THIS 27TH DAY OF JULY, 2009

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**